**Herbert THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59839.

Court of Criminal Appeals of Texas, Panel No. 3.

March 18, 1981.

Ruben Sandoval and Jesse Roy Botello, San Antonio, for appellant.

Bill M. White, Dist. Atty., Keith W. Burris, Bill Blagg and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is from conviction for murder. After returning a verdict of guilty, the jury assessed punishment at 35 years.

In his first ground of error appellant contends the trial court erred in failing to conduct a hearing to determine his competency to stand trial. After appellant filed his original appellate brief in the instant cause, No. 76–CR–0730, the trial court entered an order supplementing the record with documents from Cause No. 76–CR–0101. The documents relate to a hearing held to determine appellant's competency to stand trial in that cause. That competency hearing was conducted more than one year prior to the trial in the instant cause. The trial court also conducted a hearing to supplement the record with reference to the competency issue. This post-trial hearing was held, upon the court's motion, more than five months after appellant filed his original appellate brief. Evidence not previously before the court in this cause was adduced at the hearing. The trial court had no authority to conduct the post-trial hearing, nor to supplement the record with documents not properly admitted or filed during the trial of this cause. Accordingly, the records from Cause No. 76–CR–0101 and the transcript of the unauthorized hearing are not properly before us and will not be considered for any purpose. See *Morales v. State*, 587 S.W.2d 418 (Tex.Cr.App.) (this Court not bound to consider record from unauthorized hearing).

Pursuant to Sec. 1(b) of Art. 46.02, V.A.C.C.P., a defendant is presumed competent to stand trial. With regard to raising the issue of incompetency, that Article provides:

"(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to

support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

"(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial."

*Id.,* Sec. 2.

█ Thus, the issue of incompetency may be raised in advance of trial through written motion by the defendant or on the court's own motion if it determines there is evidence to support a finding of incompetency. The record before us contains no written motion asserting that appellant was incompetent to stand trial in this cause. Further, appellant has not directed us to *any* pretrial evidence properly included in the instant record to support a finding of incompetency prior to this trial. We find no error by the court in failing to conduct a pretrial competency hearing under these facts. See *Ramsey v. State*, 563 S.W.2d 616 (Tex.Cr.App.).

█ Appellant further asserts that evidence of his incompetency came to the court's attention during trial. We have reviewed all psychiatric testimony adduced at trial on the merits. Both psychiatrists were called by the defense, and both testified to the effect that appellant was mentally competent to stand trial.[1] The record supports the court's implied finding that the evidence presented no issue as to appellant's competency. The court did not err in failing to conduct a midtrial competency hearing. See *Eastham v. State*, 599 S.W.2d 624 (Tex.Cr.App.); *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.) (on motion for rehearing). Even if evidence were properly before us showing appellant was found incompetent

to stand trial in a separate cause more than a year prior to trial in this cause, under the instant facts there would be no error in the trial court's failure to conduct a competency hearing. See *Ex Parte Long*, 564 S.W.2d 760 (Tex.Cr.App.). Appellant's first ground of error is without merit.

We note that appellant has filed a supplemental appellate brief wherein he challenges, *inter alia*, the propriety of the post-trial hearing previously discussed. All errors alleged in this supplemental brief relate to the unauthorized hearing or matters arising in Cause No. 76–CR–0101. As we have not considered any evidence adduced in the hearing nor any records from Cause No. 76–CR–0101, we are not constrained to address the grounds of error asserted in the supplemental brief. Even if these matters were properly before us, no reversible error is presented.

In his second ground of error appellant contends the trial court erred in admitting evidence regarding an extraneous offense. The following testimony elicited from Officer McGehee forms the basis of the contention:

(Cross-Examination by Defense Counsel)

"Q. Okay, Mr. Chatham told you the name of the man he said shot him was Herbert Thompson?

"A. No, sir. He said, 'Thompson.'

"Q. He just said, 'Thompson'?

"A. Yes, sir.

"MR. ZIMMERMAN: Okay, pass the witness.

\* \* \* \* \* \*

(Redirect examination by Prosecutor)

"QUESTIONS BY MR. BURRIS:

"Q. All Mr. Chatham said was, 'Thompson'?

"A. Yes, sir. I asked him who had shot him. And Mr. Chatham stated that it was the Thompson boy that killed the Mexican on Hayes Street.

---

1. Appellant's defensive theory was insanity at the time of the offense, and the jury was charged upon this affirmative defense.

"MR. ZIMMERMAN: Your Honor, I am going to object to the introduction of any attempted extraneous offenses in this case."

The court overruled appellant's objection, and the officer was allowed to repeat the testimony. Defense counsel's renewed objection was sustained and the jury was instructed to disregard the testimony.

 It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. E.g., *Rubio v. State*, 607 S.W.2d 498 (Tex. Cr.App.); *Christiansen v. State*, 575 S.W.2d 42 (Tex.Cr.App.); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.). While there are numerous exceptions to this general rule against the admission of evidence of extraneous offenses, see, e. g., *Albrecht v. State*, supra, we find it unnecessary to consider their applicability to the instant case. Error in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard, "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." E. g., *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.); *Evans v. State*, 542 S.W.2d 139 (Tex.Cr.App.); *Hopkins v. State*, 480 S.W.2d 212 (Tex.Cr.App.). Thus, testimony referring to or implying extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard. *Campos v. State*, supra; *Evans v. State*, supra. Any error resulting from the testimony complained of was rendered harmless by the trial court's action in ultimately sustaining the objection and instructing the jury to disregard. See generally C. McCormick & R. Ray, Texas Law of Evidence, Sec. 29 (3rd ed. 1980). Appellant's second ground of error is overruled.

In his third ground of error appellant contends prosecutorial misconduct denied him a fair trial. In support of this contention appellant cites several instances of alleged misconduct.

 Initially appellant contends that the State withheld discoverable information. Appellant maintains that the State failed to produce criminal records of a State's witness despite a proper discovery motion relating to such material. Counsel on appeal has attached an affidavit to appellant's brief averring that he "has learned from reliable sources, to-wit: from Mrs. Thompson, Mother of Defendant and several other local authorities that one of the key State witnesses ... has been convicted a considerable number of times for crimes involving moral turpitude." The record contains no bill of exceptions nor any other evidence relating to this matter. Articles attached to briefs are not properly before this Court as evidence. E. g., *Young v. State*, 552 S.W.2d 441 (Tex.Cr.App.); *Booth v. State*, 499 S.W.2d 129 (Tex.Cr.App.). There is no showing that the State's attorney or any State agency had possession of such criminal records. This contention is without merit. See *Rodriguez v. State*, 513 S.W.2d 22 (Tex.Cr.App.); *Thomas v. State*, 482 S.W.2d 218 (Tex.Cr.App.).

 Appellant further contends that certain "side-bar remarks" of the State's attorney during trial support his allegation of prosecutorial misconduct. Both remarks complained of occurred during cross-examination of defense witness Dr. Cameron, a psychiatrist. In the first instance Dr. Cameron had testified about recently enacted provisions of the Texas Mental Health Code authorizing the court to compel an out-patient to submit to periodic treatment. See generally Art. 5547–38, V.A.C.S. The State's attorney commented that these statutes "didn't do Mr. Esklee Chatham [the decedent] much good...." The second "sidebar" remark complained of followed testimony by Dr. Cameron concerning the relationship of marihuana use and criminal acts:

"A. ... In fact, the majority of the people that use marijuana do not commit criminal acts.

"Q. Except Herbert Thompson."

Objections to both remarks were sustained and the jury was instructed to disregard. Any errors resulting from the statements complained of were rendered harmless by the trial court's action in sustaining the objections and instructing the jury to disregard. See, e. g., *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.); *Mistrot v. State*, 471 S.W.2d 831 (Tex.Cr.App.); *White v. State*, 444 S.W.2d 921 (Tex.Cr.App.).

Appellant's final complaint of prosecutorial misconduct relates to a remark allegedly made by the State's attorney during jury argument. The record contains no transcription of jury argument. Counsel on appeal has attached an affidavit in which trial counsel avers that the prosecutor made a prejudicial statement during jury argument. As stated previously, assertions in an appellate brief which are unsupported by the record will not be accepted as fact. E.g., *Young v. State*, supra; *Herrin v. State*, 525 S.W.2d 27 (Tex.Cr.App.); *Booth v. State*, supra. Nothing is presented for review.

■ In his fourth ground of error appellant contends that evidence presented at trial was sufficient to support the finding that he was insane at the time of the offense as a matter of law. Insanity is an affirmative defense, V.T.C.A.Penal Code, Sec. 8.01, and the burden of proof of such defense is on the accused. See *Madrid v. State*, 595 S.W.2d 106 (Tex.Cr.App.) (on motion for rehearing); *Graham v. State*, 566 S.W.2d 941 (Tex.Cr.App.). The jury is the exclusive judge of the facts, the credibility of witnesses, and the weight to be afforded testimony. *Madrid v. State*, supra. Appellant argues that prior adjudication of his insanity placed the burden of proof upon the State to show that he was sane at the time of the offense. See *Morse v. State*, 152 S.W. 927, 68 Tex.Cr.R. 351.

The record contains ten separate civil court orders, with dates ranging from July 8, 1969 to November 18, 1974, mandating appellant's hospitalization for "observation" and "treatment" due to "mental illness." Five of these orders were apparently entered pursuant to Art. 5547–38(b), V.A.C.S., authorizing confinement of a mentally ill person for observation and/or treatment in a mental hospital for a period not exceeding ninety days. The remaining orders, styled "Orders For Protective Custody," require appellant's hospitalization for indefinite periods. See Arts. 5547–40 and 5547–52(b), V.A.C.S. Appellant was repeatedly discharged from hospitalization after his disease was brought into remission through medication. The hospital records before us show that appellant was discharged on December 11, 1974. The instant offense occurred on December 6, 1975.

■ The record does not reflect that appellant was ever adjudicated mentally incompetent. See Arts. 5547–51(a)(3) and 5547–4(1), V.A.C.S. Even if he were, his discharge from hospitalization on December 11, 1974 terminated any presumption of legal incompetency that might otherwise have attached by virtue of previous commitment. *Paul v. State*, 544 S.W.2d 668 (Tex.Cr.App.); Arts. 5547–81(b) and 5547–83(a), V.A.C.S. We find no evidence in the instant record of any prior "adjudication of insanity" such as would place the burden of proof upon the State to show that appellant was sane at the time of the offense.

Appellant may be contending that his prior adjudication of incompetency to stand trial in a separate cause shifted the burden to the State. If so, we note that the defense of insanity at the time of an offense, V.T.C.A. Penal Code, Sec. 8.01, and the test for incompetency to stand trial, Art. 46.02, Sec. 1, V.A.C.C.P. constitute completely distinct issues. To the extent that both issues concern mental status of a defendant, they relate to that status at different times. A prior finding that appellant was incompetent to stand trial did not constitute an adjudication of insanity. The burden of proof did not shift, and the insanity defense was not established as a matter of law. See *Madrid v. State*, supra; *Graham v. State*, supra. Ground of error number four is overruled.

The judgment is affirmed.