NUMBERS 13-06-584-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE GARZA, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 24th District Court of De Witt County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant, Jose Garza, was indicted for aggravated sexual assault of A.S., a nine-year-old child, enhanced by four prior felony convictions. See Tex. Penal Code Ann. §
22.021 (Vernon Supp. 2006). Appellant pleaded "not guilty" to the charge and "not true" to
the enhancement paragraphs. The jury found appellant "guilty" of the offense of aggravated
sexual assault. See id. The trial court found the enhancement paragraphs to be "true" and
sentenced appellant to sixty years' imprisonment. By eight issues, taken out of order,
appellant challenges his conviction. Appellant claims the trial court erred by: (1) admitting
testimony that bolstered the victim's testimony, (2) denying his motion for mistrial, (3)
admitting a written statement made by appellant during questioning, (4) allowing hearsay
evidence presented by the sexual assault nurse examiner, (5) not instructing the jury to
disregard his written statement, (6) not instructing the jury with regard to the standard of
proof regarding evidence of prior bad acts, and (7) admitting evidence of appellant's
conviction during the punishment phase of trial. Appellant also claims the State failed to
prove the elements of the offense beyond a reasonable doubt. We affirm.

I. Analysis

1. Testimony of Investigator Campbell

 By his first issue, appellant claims the trial court erred by admitting the testimony of
Investigator Colin Campbell regarding what A.S. had told him about how appellant sexually
assaulted her. Appellant claims Campbell's testimony was used to bolster the victim's
testimony. He claims that, because the victim's rendition of the facts of the case were not
challenged by him, "there was no reason to show the consistency of her prior statements." 
 We review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard. McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim App. 2005);
Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). If the trial judge's decision
is within the "bounds of reasonable disagreement," we do not disturb the ruling on the
admissibility of evidence. Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). 

 The record reflects that the State asked Campbell if he recalled what the victim
related to him. In response, appellant's defense counsel objected, "Your Honor, I'm going
to object bolstering the witness." The trial court overruled the objection. Campbell
proceeded to answer the question. Defense counsel lodged a second objection, again
claiming, "he's bolstering the testimony of [A.S.]." 

 A general objection to "bolstering" is not sufficient to preserve error, because it does
not sufficiently inform the trial court of the nature of the objection. In re J.G., 195 S.W.3d
161, 183 (Tex. App.-San Antonio 2006, no pet.); Montoya v. State, 43 S.W.3d 568, 573
(Tex. App.-Waco 2001, no pet.). Prior to the adoption of the Texas Rules of Evidence,
"bolstering" was a proper objection when one item of evidence was used by a party to add
credence or weight to some earlier unimpeached evidence that the same party had offered. 
See McKay v. State, 707 S.W.2d 23, 33 (Tex. Crim. App. 1985); Pless v. State, 576 S.W.2d
83, 84 (Tex. Crim. App. 1978); Montoya, 43 S.W.3d at 573 n.2. "Under case law existing
prior to the promulgation of the Rules of Evidence, bolstering an unimpeached witness was
'automatically' error." Montoya, 43 S.W.3d at 573 n.2. However, although the Texas Rules
of Evidence incorporate some concepts from "bolstering" in rules 613(c) and 608(a), the
rules do not contain a specific rule pertaining to or prohibiting "bolstering." See id. Indeed,
"nothing in the Rules prevents a party from adding credence to an unimpeached witness
or adding credence to other evidence as long as that additional evidence is relevant." Id. 
"In fact, the Rules favor admissibility." Id. (citing Tex. R. Evid. 402, 403). "Given the focus
of the Rules favoring admission, as well as the lack of a specific prohibition of this type of
evidence, an objection that certain evidence is 'bolstering' in no way invokes the Rules or
informs the trial court of the basis for exclusion under the Rules." Id. As such, a party's
objection must inform the trial court why or on what basis the otherwise admissible evidence
should be excluded. Id.; see Cohn v. State, 849 S.W.2d 817, 819-21 (Tex. Crim. App.
1993). Here, appellant's defense counsel did not identify which rule of evidence, if any, was
violated by the admission of the complained-of portion of Campbell's testimony. 
Accordingly, he failed to preserve his objection for appeal. (1) Appellant's first issue is
overruled.

2. Motion for Mistrial 

 By his second issue, appellant claims the trial court erred in denying his motion for
mistrial. We review a trial court's denial of a motion for mistrial for abuse of discretion. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is only required if the
impropriety is clearly calculated to inflame the minds of the jury and is of such a character
as to suggest the impossibility of withdrawing the impression produced on the minds of the
jury. Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999). 

 The record reflects that during direct examination, the State asked Campbell when
he first initiated contact with appellant. Campbell replied that he spoke with appellant on
the phone on August 23, at which time Campbell told appellant about the investigation. 
Campbell stated that, at the time of the conversation, appellant was residing in Freer,
Texas. The State asked Campbell if, during the conversation, appellant indicated that he
knew about the investigation. Campbell replied, "Yes. He knew about the investigation." 
The State asked Campbell if he knew how appellant found out about the investigation. 
Campbell stated that he did not know. The State then asked Campbell, "Okay. Now what
was it you were asking him at that time?" Campbell responded, "I asked him if he'd take
a polygraph and he agreed to it and we talked a few more minutes and then he made the
comment that-." Defense counsel immediately asked to approach the bench, and during
the bench conference, lodged an objection on the ground that evidence of a polygraph is
inadmissible. The State responded, "I have no intention of getting into anything about a
polygraph. That was inadvertent, Judge. I had no intention of bringing out anything further
regarding that." Defense counsel asked the court to instruct the jury to disregard the
comment and also moved for a mistrial. The trial court instructed the jury to "disregard any
statement with respect to a polygraph in this case" and subsequently denied the motion for
mistrial. On appeal, appellant asserts:

Even though the jury was instructed to disregard the statement, the error
could not be cured by the instruction. The investigator's statement about
[appellant] taking a polygraph can lead to so many conclusions with regard
to the truthfulness of his statements to police, that his trial was unfairly
prejudiced by this testimony. No curative instruction given to the jury could
cure the prejudice placed on [appellant's] case by the assertion that he was
given the opportunity to take a polygraph exam.


 Because of their inherent unreliability and tendency to be unduly persuasive,
polygraph examination results are inadmissible for any purpose in a criminal proceeding on
proper objection. Gregory v. State, 56 S.W.3d 164, 173 (Tex. App.-Houston [14th Dist.]
2001, pet. dism'd) (citing Marcum v. State, 983 S.W.2d 762, 765 (Tex. App.-Houston [14th
Dist.] 1998, pet. ref'd) (citing Shiflet v. State, 732 S.W.2d 622, 630 (Tex. Crim. App. 1985))). 
However, the mere mention of a polygraph examination does not automatically constitute
reversible error. Id. (citing Marcum, 983 S.W.2d at 765). 

 "Where a witness gives a nonresponsive answer that mentions a polygraph test was
offered or taken, but does not mention the results of the test, there is no error in failing to
grant a mistrial." Id. at 173, n.4. An instruction to disregard the answer is generally
sufficient to reduce any prejudicial effect the answer might have had in the minds of the
jurors. Id. (citing Kugler v. State, 902 S.W.2d 594, 595 (Tex. App.-Houston [1st Dist.] 1995,
pet. ref'd)). Because Campbell's nonresponsive comment did not reveal whether appellant
submitted to a polygraph exam, much less the results, if any, the trial court's immediate
instruction to disregard the reference was sufficient to cure any error. See Richardson v.
State, 624 S.W.2d 912, 914-15 (Tex. Crim. App. 1981); Gregory, 56 S.W.3d at 173. 
Appellant's second issue is overruled.

3. Appellant's Written Statement

 In his third issue, appellant claims the trial court erred in admitting his written
statement, introduced as State's exhibit number 3, in which he admits that he penetrated
A.S.'s sexual organ with his finger. (2) 

 On appeal, appellant claims he was in custody at the time he provided the
complained-of statement. (3) Appellant further claims "[t]he State failed to comply to [sic] with
requirements of the Code of Criminal Procedure." We do not address this issue because
appellant inadequately briefed it by failing to provide a clear and concise argument or
authority with respect to how the State failed to comply with the requirements of the code
of criminal procedure. See Tex. R. App. P. 38.1(h). Appellant's third issue is overruled.

4. Testimony of Sexual Assault Nurse Examiner

 By his fourth issue, appellant claims the trial court erred in allowing the testimony of
sexual assault nurse examiner, Leslie Kallus. Kallus was permitted to testify, over
appellant's hearsay objection, about a study conducted by another person explaining why
a child victim of a sexual assault would not show evidence of trauma to the vagina. 

 We review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard. McDonald, 179 S.W.3d at 576; Burden, 55 S.W.3d at 615. If the trial
judge's decision is within the "bounds of reasonable disagreement," we do not disturb the
ruling on the admissibility of evidence. Apolinar, 155 S.W.3d at 186.

 Appellant claims Kallus' testimony, which was "a narrative of what a report found,"
was hearsay and did not fall under any of the exceptions to the hearsay rule. See Tex. R.
Evid. 801(d), 803. Appellant further claims the testimony prejudiced his defense because
"the State used this inadmissible testimony to explain why [A.S.] had no evidence of injury
to her sexual organ." The State responds that it proffered the evidence under the exception
to the hearsay rule that allows "statements for purposes of medical diagnosis or treatment." 
See Tex. R. Evid. 803(4).

 A violation of the evidentiary rules resulting in the erroneous admission of evidence 
is non-constitutional error. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998). We are to disregard errors, defects, irregularities, or variances that do not affect the
substantial rights of the accused. Tex. R. App. P. 44.2(b); Solomon v. State, 49 S.W.3d
356, 365 (Tex. Crim. App. 2001). A substantial right is affected when the error had a
substantial and injurious effect or influence in determining the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). In making this determination, we should
consider the entire record, including testimony, physical evidence, the State's theories and
any defensive theories, closing arguments, and voir dire, if applicable. Bagheri v. State, 119
S.W.3d 755, 763 (Tex. Crim. App. 2003). If evidence similar to the complained-of evidence
is admitted without objection elsewhere in the trial, we will conclude any error was harmless. 
Josey v. State, 97 S.W.3d 687, 698 (Tex. App.-Texarkana 2003, no pet.).

 The testimony that appellant complains of consists of the following:

In this case there were 200 exams done. We know these girls were sexually
active. The reason we know that they were sexually active is because they
were pregnant. Only in the very few numbers, once again, in the four percent
did you actually find injury. Why? Because the bodies are actually made to
give. The estrogen in that area relaxes the hymen, middle area, where a
penis, since they were pregnant, could be inserted without leaving injury.


On cross-examination, defense counsel elicited the following testimony from Kallus:

Counsel: Would you also agree that sometimes when the hymen is
injured even after some time that there is some scars, that there
are scars that might be left on the hymen?


Kallus: There's that probability, but once again, you still--that's in that
4 percent. That would be the diagnostic evidence of that 4
percent if there was injury. 


Counsel: But, I mean, that's possible; right? You would be able to see
the scars?


Kallus: There is that possibility, yes.

 

 Assuming, without deciding, that the trial court erred in admitting the complained-of
testimony, we would nonetheless conclude that any error was harmless given the
overwhelming evidence of appellant's guilt that was introduced at trial. See Tex. R. App. P.
44.2(b); Solomon, 49 S.W.3d at 365; Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim.
App. 2000) (stating, "the presence of overwhelming evidence supporting the finding in
question can be a factor in the evaluation of harmless error."). (4) Accordingly, appellant's
fourth issue is overruled. 

5. Jury Instruction Regarding Voluntariness

 By his fifth issue, appellant claims the trial court erred in refusing to submit a "special
jury instruction with regard to [appellant's] statement to Investigator Campbell." 
Presumably, appellant is referring to his requested jury instruction regarding the
voluntariness of his written statement, specifically, State's exhibit number 3. Appellant
argues, "[s]ince [he] properly objected and requested a special instruction on this issue,
[appellant] believes that the Court should have presented the instruction to the jury." 
Appellant concludes that "the failure of the lower court to instruct the jury with regard to this
special issue requires that this Honorable Court reverse and remand this case back to the
trial court." 

 However, appellant has failed to provide a clear and concise argument for his
contention that, because he "properly objected and requested" the instruction, the trial court
"should have presented the instruction to the jury." See Tex. R. App. P. 38.1(h). (5) In
addition, appellant has failed to develop any argument whatsoever and has failed to cite
authority to support his conclusory statement that the trial court's failure to submit the
requested instruction requires a new trial; thus, he presents nothing for our review. See id. 
Accordingly, appellant's fifth issue is overruled.

6. Jury Instruction Regarding Prior Bad Acts

 By his sixth issue, appellant claims the trial court erred in refusing to instruct the jury
with regard to the State's burden of proof regarding prior bad acts. Appellant claims,
"[s]ince [appellant] properly objected and requested a special instruction on this issue,
[appellant] believes that the Court should have presented the instruction to the jury." We
decline to address this issue because it is inadequately briefed. See id. 

7. Legal Sufficiency of the Evidence 

 By his seventh issue, appellant claims the State failed to prove the elements of the
offense of aggravated sexual assault beyond a reasonable doubt. See Tex. Penal Code
Ann. § 22.021. Specifically, appellant claims the State failed to prove, beyond a reasonable
doubt, that A.S. "was penetrated by [appellant]." See id. Appellant concedes, however,
that "[t]he evidence presented demonstrates that [appellant] may have committed a sexual
assault of the child." 

 In a legal sufficiency review, we consider all of the properly or improperly admitted
evidence in the light most favorable to the verdict and determine whether, based on that
evidence and reasonable inferences therefrom, a rational jury could have found the 
accused guilty of the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Rosillo v. State, 953 S.W.2d 808, 811 (Tex.
App.-Corpus Christi 1997, pet. ref'd). Section 22.021 provides, in relevant part, that a
person commits the offense of aggravated sexual assault if he, intentionally or knowingly,
causes the penetration of the anus or sexual organ of a child by any means. Tex. Penal
Code Ann. § 22.021(a)(1)(B)(i). 

 The evidence at trial included A.S.'s testimony that appellant was her grandmother's
boyfriend. He would come to her bedroom (at her grandmother's house) at night, cover her
mouth, and "mess with [her]." A.S. testified that she would feel pain in her "private" when
appellant would mess with her. See Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon
2005) (providing that the testimony of a child victim alone is sufficient to support a conviction
for sexual assault of a child). She testified appellant did this more than six times. She
further testified that appellant said he would hurt her and her brother if they told anyone. 
In addition, the evidence included appellant's written statement that he "put [his] finger in
[A.S.'s] [private] just a little bit." 

 Viewed in the light most favorable to the verdict, we conclude a rational jury could
have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443
U.S. at 319; Rosillo, 953 S.W.2d at 811. Accordingly, appellant's seventh issue is
overruled.

8. Evidence of Prior Conviction

 By his eighth issue, appellant claims the trial court erred in admitting State's exhibit
number 8 during the punishment phase of trial because the State failed to "comply with the
statutory time to file a business records affidavit as provided by the rules of evidence." 
Appellant further asserts that because exhibit 8 was improperly admitted, and it was
necessary for the State to authenticate exhibit 7, exhibit 7 was also improperly admitted. (6)

 As set out above, we review a trial court's decision to admit or exclude evidence
under an abuse of discretion standard. McDonald, 179 S.W.3d at 576; Burden, 55 S.W.3d
at 615. If the trial judge's decision is within the "bounds of reasonable disagreement," we
do not disturb the ruling on the admissibility of evidence. Apolinar, 155 S.W.3d at 186. 

 Exhibit number 8 consists of a copy of a sealed, certified copy of appellant's jail
records, which includes appellant's fingerprints, mug shots, and case/booking summary
from the Tarrant County Records Management Office. The records indicate that appellant
was in the Tarrant County Jail on two separate occasions. At trial, defense counsel
objected to the admission of exhibit 8. He stated, 

I'm assuming that the State is attempting to introduce this through the
business records exception by written business records affidavit. There's
certain predicate that needs to be complied with. I believe they need to be
filed with the Court a certain number of days prior to today's date and we'd
object to that.

 

See Tex. R. Evid. 902(10).

 Texas Rule of Evidence 902(10) encompasses business records and the
self-authentication of same through an affidavit. Id. One pursuing that avenue is obligated
to file the records and affidavit with the court clerk at least fourteen days before trial and
notify the other parties of the filing. Id. However, pen packets and official records such as
exhibits 7 and 8, may be authenticated under rule 902(4) via a certification by their
custodian that the records are correct copies of the originals. Reed v. State, 811 S.W.2d
582, 586 (Tex. Crim. App. 1991); accord, Cuddy v. State, 107 S.W.3d 92, 96 (Tex.
App.-Texarkana 2003, no pet.) (holding the same); see Tex. R. Evid. 902(4) (stating that
a copy of an official record may be self-authenticated via certification as to its accuracy by
the custodian or other person authorized to so certify). The affidavits attached to exhibits
7 and 8 include a certification by their custodian that the documents were true and correct
copies of the original records on file in the office and maintained in the regular course of
business "within the Bureau of Classification and Records of the Texas Department of
Criminal Justice-Correctional Institutions Division" and "the Tarrant County Sheriff's
Department." The affidavits sufficiently authenticate exhibits 7 and 8 under rule 902(4). 
See Tex. R. Evid. 902(4). Because exhibits 7 and 8 are admissible pursuant to rule 902(4),
which does not contain a notice requirement, we conclude appellant's contention is without
merit. See id. Appellant's eighth issue is overruled.

II. Conclusion

 The judgment of the trial court is affirmed.




 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 28th day of August, 2007.


 
1. In fact, on appeal, appellant still does not identify which Texas Rule of Evidence was violated. See Tex. R.
App. P. 38.1(h) (requiring appellant's brief to contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record). 
2. The record reflects that appellant filed a pre-trial motion to suppress the complained-of statement. The trial
court carried the motion with the trial. The record does not show that the trial court actually ruled on the
motion and there is no objection to the refusal to rule. See Tex. R. App. P. 33.1(a) (stating that, "[a]s a
prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court . . .
ruled on the request, objection, or motion, either expressly or implicitly . . . ."). 
3. After trial, the trial court entered findings of fact and conclusions of law pertaining to the complained-of
statement. The trial court found that (1) the complained-of statement was made before appellant was arrested
or in any manner placed into custody, and (2) appellant understood that he was not in custody during the time
he made the admitted statement. The trial court concluded, as a matter of law, that article 38.22 did not come
into play in the admission of the complained-of statement. See Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005).


The trial court further found that: (1) even though the warnings called for in article 38.22, section 2, were not
required by law, Campbell fully advised appellant of his rights to remain silent, to an attorney, etc., as specified
in article 38.22, section 2, (2) appellant was advised of these rights prior to being interviewed, (3) appellant
understood those rights, and (4) appellant knowingly, voluntarily, and without compunction or promise or favor,
gave the complained-of statement. See id.
4. The record contains the testimony of A.S., who testified that appellant, "would mess with her" and her
"private" would hurt when he would "mess" with her. The record also contains appellant's written statement,
wherein he admits that he "put [his] finger in [A.S.'s] [private] just a little bit." 
5. We note that appellant cites to Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), in support
of his contention that "the Court should have presented the instruction to the jury." In Almanza, the court held
that if error in a jury charge was subject to timely objection, reversal was required if the error was not
harmless. Id. If proper objection was not made, however, but the error was fundamental, reversal was
warranted only if the error was so egregious and created such harm that the accused was denied a fair and
impartial trial. Id. 

 

In the present case, defense counsel objected to the jury charge and requested a special instruction regarding
voluntariness. Accordingly, we conclude that, in the present case, reversal would only be required if the error
was not harmless. See id. However, appellant has failed to develop any argument whatsoever regarding
whether the alleged error in this case was not harmless. See Tex. R. App. P. 38.1(h). 
6. Exhibit 7 consists of the pen packet from the Texas Department of Criminal Justice-Correctional Institutions
Division, which includes appellant's fingerprints, mug shot, and jail records from Tarrant County.