Paul HATLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50944.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Phil Burleson and Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Kelly W. Loving and Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 25 years.

We find that the fatal shooting climaxed a continuing half hour disagreement between the deceased and appellant concerning a motorbike. Appellant had called the police to complain about the noise from a motorbike being ridden by deceased's son. The deceased and appellant were neighbors. An officer was dispatched at 5:05 p. m. to the appellant's home. After arriving, the officer, appellant and his wife met with the deceased and his wife. The deceased stated to appellant, "Come on out in the alley and let's settle it out here." Appellant and his wife went into their home and deceased and his wife left for the alley to watch their son riding in a vacant lot. The officer explained to appellant that he could not stop the boy from riding the bike. He then pulled his car around to the alley and called for additional help.

Shortly thereafter at 5:46 p. m. another officer arrived. While discussing the situation, they heard shots and saw appellant coming out of his driveway firing a gun at the deceased, who was walking down the alley with a glass of tea in one hand and a cigarette in the other. The fourth shot fired from a distance of three feet was apparently the fatal shot. Appellant contended that deceased had come into his driveway and said, "I'm going to kill you, boy." Appellant then went inside, got a gun from a mantle and went back out into his driveway where he told deceased, "Get out of here." Appellant claimed the deceased lunged at him, and he began firing.

Appellant's first ground of error contends the trial court erred in permitting the State to present testimony of the deceased's reputation for being a kind and inoffensive person.

When the State presented the reputation testimony, the appellant, in addition to objecting, presented a motion to withdraw reputation testimony.

In overruling appellant's motion to withdraw the reputation testimony, the trial court entered the following conclusions: (1) the conversation 30 minutes before the shooting raised the issue of threats and made admissible evidence of deceased's reputation, and (2) the attack and threats at the time of the shooting were separate and apart from and not a mere continuation of the conversation 30 minutes earlier.

The trial court found that threats were shown by appellant's counsel's cross examination of a State's witness and direct exam-

ination of a defense witness. The trial court further found appellant's testimony concerning the conversation 30 minutes before the shooting "amounted to proof by appellant that the deceased was a person of violent and dangerous character."

 We cannot find support in the record for the trial court's findings that the cross examination and direct examination by appellant's counsel established antecedent threats. Nor can we say that appellant's recital of the events that afternoon constituted proof of deceased's reputation. It is not admissible to show deceased's character by isolated facts. *Nelson v. State*, Tex.Cr.App., 58 S.W. 107.

We also disagree with the trial court's conclusion that the offense and conversation 30 minutes earlier were separate and apart. We find the events constituted one continuous transaction.

The rule is well settled that "it is never competent for the State in the first instance to prove that the person slain was peaceable and inoffensive. Such evidence becomes admissible in rebuttal when the opposite has been testified to in behalf of the defense, or when the defendant seeks to justify the homicide on the ground of threats made by the deceased." *Arthur v. State*, 170 Tex.Cr.R. 161, 339 S.W.2d 538, at 539.

The State seeks to justify the admission of the reputation testimony under Article 1258, V.A.P.C.[1]

The statement of the deceased concerning going into the alley cannot be considered as an antecedent threat. Nowhere does the defensive testimony raise the issue of antecedent threats or bad reputation of the deceased[2] to put this case within the purview of Article 1258, supra.

In *Pollard v. State*, 119 Tex.Cr.R. 452, 45 S.W.2d 618, recently cited with approval in *Vela v. State*, Tex.Cr.App., 516 S.W.2d 176, it was held that threats made by the deceased after the conflict began and during the continuation thereof did not make admissible evidence of deceased's reputation.

The State contends its cross examination of a defense witness opened the door to proof of reputation of deceased. The State cannot rely on its own questioning as an invitation to rebuttal. *Barrett v. State*, 86 Tex.Cr.R. 101, 215 S.W.2d 858. Cf. *Els v. State*, Tex.Cr.App., 525 S.W.2d 11, 14.

In light of our disposition of this ground of error, we find it unnecessary to discuss the remaining grounds of error.

The judgment is reversed and the cause remanded.

---

1. Although appellant was tried after the effective date of the new Penal Code, the law in effect at the time of the commission of the offense controls. Acts 1973, Chapter 399, Section 6(a). Article 1258 is a substantive, not a procedural, provision and is applicable notwithstanding its repeal at the time of trial. See *McCarter v. State*, Tex.Cr.App., 527 S.W.2d 296; *Pesch v. State*, Tex.Cr.App., 524 S.W.2d 299.

2. Although there was evidence of the prior relationship between appellant and deceased, this evidence showed petty non-violent arguments. There was no evidence of antecedent threats prior to the afternoon of the events; nor did the testimony as to the prior relationship constitute evidence of deceased's general reputation.