In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-273 CR


____________________



JAMES WILLIAM HORNSBY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 84675






MEMORANDUM OPINION


 A jury convicted James William Hornsby of murder and sentenced him to fifty years
in prison. Hornsby appeals. 

 In his first issue, Hornsby contends the trial court erred in admitting a photograph of
the murder victim, T.H., into evidence. The photograph was of the murder victim with
several of her school friends, when she was in eighth grade. The victim was seventeen at the
time of her death. Hornsby maintains the photograph was an attempt to depict T.H. in a
certain light, which was not an accurate depiction of her at the time of her death. He argues
the prejudicial value of the photograph outweighed its probative value because it showed her
as an eighth grader with school friends, rather than in a setting depicting her at or near the
time of her death. He claims the picture presented a false depiction of her character. 

 "The admissibility of a photograph is within the sound discretion of the trial judge." 
Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). To be admissible, a
photograph must be relevant, should assist the jury with its decision, and should add
something that is logical to the testimony that accompanies it. Erazo v. State, 144 S.W.3d
487, 491 (Tex. Crim. App. 2004). A photograph is relevant if it has "any tendency to make
the existence of any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence." Tex. R. Evid. 401. 

 When determining whether the trial court erred in admitting a relevant photograph
into evidence, we must determine under Texas Rule of Evidence 403 whether the probative
value of the photograph is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence. Long v. State, 823 S.W.2d 259, 271 (Tex.
Crim. App. 1991) (citing Tex. R. Evid. 403). Rule 403 favors admissibility of relevant
evidence, and the presumption is that relevant evidence will be more probative than
prejudicial. See Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on
reh'g). A court may consider the following factors in determining whether the probative
value of a photograph is substantially outweighed by the danger of unfair prejudice: the
number of photographs; the size of the photographs; whether the photographs are in color
or black and white; the detail shown in the photographs; whether the photographs are
gruesome; whether the body is naked or clothed; and whether the body has been altered since
the crime that might enhance the gruesomeness of the photographs. Reese v. State, 33
S.W.3d 238, 241 (Tex. Crim. App. 2000).

 Here, the only photograph Hornsby challenges on appeal is one four-inch by six-inch
color photograph of the murder victim prior to her death. T.H.'s mother testified that
although her daughter was seventeen at the time of her death, the picture depicted what her
daughter looked like just prior to her death. The picture was offered as proof of the victim's
identity. The identity of the victim is certainly "'[a] fact . . . of consequence to the
determination of the action.'" Long, 823 S.W.2d at 271 n.18 (quoting Tex. R. Evid. 401). 
After reviewing the photograph, we are not persuaded that the danger of unfair prejudice
substantially outweighed its probative value. See Tex. R. Evid. 403. 

 Hornsby relies on Armstrong v. State, 718 S.W.2d 686 (Tex. Crim. App. 1985), and
Hatley v. State, 533 S.W.2d 27 (Tex. Crim. App. 1976), in arguing that the picture was
irrelevant and only offered it in an attempt to show the character of the decedent as a young
innocent schoolgirl. In Armstrong and Hatley, the Court of Criminal Appeals held that
evidence offered by the State of the decedent's peaceful reputation is only admissible as
rebuttal evidence after the defense has raised (1) the issue of the decedent's non-peaceable
nature, or (2) to justify the homicide on the ground of threats made by the deceased. 
Armstrong, 718 S.W.2d at 695; Hatley, 533 S.W.2d at 29. Those cases dealt specifically with
the admissibility of character testimony and are distinguishable from the present case, where
the State is not eliciting testimony as to the victim's character, but is only offering into
evidence a picture of the decedent prior to her death for identification purposes. Id. The trial
court did not err in admitting State's Exhibit No.1. We overrule Hornsby's first issue.

 In his second and third issues, Hornsby complains that the trial court committed
reversible error by denying his motion for mistrial based upon impermissible testimony
elicited by the State that two accomplices in the offense had given written statements that
corroborated the State's theory of Hornsby's involvement in the murder. Detective Rodney
Harrison testified that he obtained written statements from Kevin Coffey and Melissa Frasier. 
Hornsby's written statement, which implicated Coffey and Frasier, was introduced into
evidence. 

 Then the following exchange occurred:

 [PROSECUTOR:] But he told you that he hit her in the head with a mug,
correct?


 [HARRISON:] Correct.


 [PROSECUTOR:] And the autopsy shows her head is caved in, correct?


 [HARRISON:] Correct.


 [PROSECUTOR:] The statements given to you by Mr. Coffey and Ms.
Frasier, do they lead you in any different direction?


 [HARRISON:] No, sir.


 [DEFENSE COUNSEL]: Your Honor, I'm going to object to
testimony based upon hearsay. They have not been tendered into evidence. 
We have not had a hearing on their admissibility.


 THE COURT: Sustained.


 [DEFENSE COUNSEL]: I would have ask the jury to disregard the
question asked by the prosecutor placing that in their minds.


 THE COURT: The jury is so instructed.


 [DEFENSE COUNSEL]: And I move for a mistrial.


 THE COURT: That's denied. 


Hornsby states that the trial court should have granted a mistrial based on the prosecutor's
reference to the written statements of other individuals alleged to have been involved in the
murder. 

 Improper testimony or evidence is usually cured by the trial court's instruction to the
jury to disregard, except in extreme cases where it appears that the evidence is clearly
calculated to inflame the minds of the jury and is of such character as to suggest the
impossibility of withdrawing the impression produced on their minds. Ransom v. State, 798
S.W.2d 572, 585-86 (Tex. Crim. App. 1989); Waldo v. State, 746 S.W.2d 750, 752 (Tex.
Crim. App. 1988); Kugler v. State, 902 S.W.2d 594, 596-97 (Tex. App.--Houston [1st Dist.]
1995, pet. ref'd). Under the facts of this case, it does not appear that the evidence is clearly
calculated to inflame the minds of the jury or is of such character as to suggest the
impossibility of withdrawing the impression produced on their minds. The trial court's
instruction was sufficient and timely to cure the alleged error. We overrule Hornsby's
second and third issues.

 Hornsby next argues the trial court committed reversible error in instructing the jury,
as a result of a conflict in the verdict, to return to the jury room to correct the verdict. The
court's charge directed the jury that if they found that Hornsby proved beyond a
preponderance of the evidence that he caused T.H.'s death while under the immediate
influence of sudden passion arising from an adequate cause, the offense is a felony of the
second degree. The instructions stated that the punishment allowed for a felony of the
second degree is confinement for any term of not more than 20 years or less than 2 years. 
The instructions further provided that if the jury found that Hornsby did not prove by a
preponderance of the evidence that he caused T.H.'s death while under the immediate
influence of sudden passion arising from an adequate cause, the offense is a felony of the
first degree. The instructions stated that the punishment allowed for a felony of the first
degree is confinement for any term of years not more than 99 years or less than five years,
and a fine not to exceed $10,000. 

 The following statements were made as the jury foreman began reading the jury's
verdict:

 THE COURT: Would you please tender your verdict to the bailiff.


 THE FOREPERSON: (Complying)


 THE COURT: There is a conflict in your verdict. If you answer that
there was -- if your answer to the special issue: Do you find by a
preponderance of the evidence that the defendant caused the death of the
victim while he was under the immediate influence of sudden passion - - 


 THE FOREPERSON: My apologies. That should be " no."


 THE COURT: Go back to the jury room and correct the verdict.


 . . . .


 THE COURT: Let the record show the jury is back in the courtroom.
[Foreperson], have you corrected the verdict of the jury.


 THE FOREPERSON: Yes, I have.


 THE COURT: Would you please tender your verdict to the bailiff.


 THE FOREPERSON: (Complying)


 THE COURT: [Foreperson], would you please stand and read the
verdict of the jury on both the special issue and the punishment. 


 THE FOREPERSON: No problem. The State of Texas vs.- - in the
District Court of Jefferson County Texas. Unfortunately it wasn't completed. 
James William Hornsby on Cause No. 84675: "Do you find by a
preponderance of the evidence that the defendant caused the death of the
victim while he was under the immediate influence of sudden passion arising
from an adequate cause?" Our statement is "no."

 

 Cause No. 84675, the State of Texas vs. James William Hornsby, in the
Criminal District Court of Jefferson County, Texas: "We, the jury, assess the
defendant's punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of 50 years."


 THE COURT: Thank you, sir.

 The verdict shall be received and filed at 4:25 p.m. 

The jury verdict form included in the record evidences the jury's answer to the question
regarding whether Hornsby proved by a preponderance of the evidence that he caused T.H.'s
death under the immediate influence of sudden passion arising from an adequate cause, had
been answered "YES" and then changed to "NO." Hornsby did not object to the jury's
instruction to correct the verdict, nor did he request to poll the jury at any time. 

 Hornsby complains that fundamental and reversible error occurred when the trial court
instructed the jury to return to the deliberation room and change the verdict that had been
returned. He argues the trial court did not allow the original verdict to be read aloud as
required by statute even though the jury had been brought into the courtroom and the jury
stated it had agreed upon a verdict. He also complains that he was not afforded an
opportunity to have the jury polled when the jury first announced that it had reached a
verdict. 

 Article 37.04 of the Texas Code of Criminal Procedure sets out the procedure for
when the jury has agreed on a verdict:

 When the jury agrees upon a verdict, it shall be brought into court by
the proper officer; and if it states that it has agreed, the verdict shall be read
aloud by the judge, the foreman, or the clerk. If in proper form and no juror
dissents therefrom, and neither party requests a poll of the jury, the verdict
shall be entered upon the minutes of the court. 


Tex. Code Crim. Proc. Ann. art. 37.04 (Vernon 2006). Article 37.05 grants the State or the
defendant the right to have the jury polled. See id. 

 In Reese v. State, 773 S.W.2d 314 (Tex. Crim. App. 1989), the Texas Court of
Criminal Appeals addressed the same complaints raised by Hornsby regarding the verdict. 
In Reese, the jury returned the first time from deliberation and announced they had reached
a verdict. Id. at 316. The trial court noticed the jury had neglected to enter a verdict on one
of the charges. Id. The trial court instructed the jury to deliberate further and return with
their verdict. Id. The jury again returned from deliberation, but the jury had found the
defendant "guilty" of one charge and "not guilty" of a lesser-included charge, thereby
creating a conflict. See id. The trial court instructed the jury to deliberate again to correct
the conflict. Id. The jury deliberated and returned a third time with a verdict that was read
aloud. Id. The defendant argued on appeal that the trial court erred in not following articles
37.04 and 37.05 of the Texas Code of Criminal Procedure by sending the jury back for
further deliberations without first reading the verdict, and by not giving him an opportunity
to poll the jury before sending the jury back for further deliberations. Id. The defendant did
not object at any time to the jury being sent back to deliberate and did not request a jury poll
at any point. Id. at 316, 318. The Texas Court of Criminal Appeals approved of the
procedure used by the trial court. The same procedure was utilized by the trial court in the
instant case. See id. at 318. We overrule Hornsby's fourth issue. 

 Last, Hornsby asserts he has been denied a complete record on appeal because, at the
time Hornsby filed his brief, State's Exhibits Nos. 1 through 37, and Defendant's Exhibit No.
2 were missing from the record. At or before the time for perfecting an appeal, an appellant
must request in writing that the official court reporter prepare the reporter's record and the
appellant must designate which exhibits to include. Tex. R. App. P. 34.6(b)(1). The court
reporter is responsible for filing any exhibits requested by the parties. Tex. R. App. P.
34.6(a). If a relevant exhibit is omitted from the reporter's record, any party or the appellate
court may direct the reporter to file a supplemental reporter's record containing the omitted
exhibit. Tex. R. App. P. 34.6(d). If someone other than the trial court clerk has possession
of an original exhibit, we may order that person to turn over the exhibit to the clerk. See
Tex. R. App. P. 34.6(g)(1). The rules anticipate supplementation of the appellate record to
include for review any relevant item omitted from the record. See Tex. R. App. P. 34.6(c),
34.6(d). If a dispute regarding the record's accuracy arises after the record is filed, the
appellate court "may submit the dispute to the trial court for resolution. . . . [and] [t]he trial
court must proceed as under subparagraph (e)(2)." Tex. R. App. P. 34.6(e)(3), 34.5(e)(2). 

 On May 22, 2007, we issued an order ordering the court reporter of the Criminal
District Court of Jefferson County, Texas to forward the omitted exhibits to the Court's Clerk
on or before June 1, 2007. In response to the order, we received the original exhibits
requested. We notified defense counsel that the original exhibits had been filed. After the
filing of the original exhibits, Hornsby has not further challenged the authenticity of the
original exhibits filed. We overrule Hornsby's fifth issue. The trial court's judgment is
affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 17, 2007

Opinion Delivered January 16, 2008

Do not publish


Before Gaultney, Kreger and Horton, JJ.