NUMBER 13-08-00284-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROMEO FLORES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court


 of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Wittig (1)


Memorandum Opinion by Justice Wittig
 

 Romeo Flores, appellant, was convicted by a jury of three felony counts of murder,
attempted murder, and aggravated assault, all including findings of use of a deadly
weapon. He was sentenced to life imprisonment and assessed a $10,000 fine on Count
1, sentenced to confinement for fifteen years in prison and assessed a $10,000 fine for
Count 2, and sentenced to ten years in prison and assessed a $10,000 fine on Count 3. 
In two issues, appellant complains of the admission into evidence of a life-sized photo of
the deceased and testimony by the deceased's daughter in the State's case-in-chief. We
affirm.

 I. Photo Evidence

 Appellant first complains that the trial court erred by admitting a life-sized
photograph of the deceased over his objections. 

 A. Standard to Review

 We review a trial court's decision regarding the admissibility of evidence under an
abuse of discretion standard. Cameron v. State, 241 S.W.3d 15, 19 (Tex. Crim. App.
2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that the
trial court "has the best vantage from which to decide" admissibility questions). Because
trial courts are in the best position to decide questions of admissibility, appellate courts
uphold a trial court's admissibility decision when that decision is within the zone of
reasonable disagreement. Cameron, 241 S. W. 3d at 19. An appellate court may not
reverse a trial court's decision regarding the admissibility of evidence solely because the 
appellate court disagrees with the decision. Id. The admissibility of a photograph is within
the sound discretion of the trial judge. Shuffield v. State, 189 S.W.3d 782, 787 (Tex. Crim.
App. 2006). Texas Rule of Evidence 401 defines relevant evidence as "evidence having
any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex.
R. Evid. 401. Rule 403 allows for the exclusion of otherwise relevant evidence when its
probative value "is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence." Tex. R. Evid. 403. This rule favors the admission
of relevant evidence and carries a presumption that relevant evidence will be more
probative than prejudicial. Shuffield, 189 S.W.3d at 786-87. A rule 403 analysis should
include, but is not limited to, the following factors: (1) how probative the evidence is; (2)
the potential of the evidence to impress the jury in some irrational, but nevertheless
indelible way; (3) the time the proponent needs to develop the evidence; and (4) the
proponent's need for the evidence. Id. at 787.

 B. Analysis

 Appellant's trial counsel objected to the photo, State's Exhibit 33, on the basis of
rules 401, 402, and 403. See Tex. R. Evid. 401, 402. 403. He now argues that the life-sized photograph failed to address any fact of consequence, was void of probative value, 
was calculated to appeal to the emotions of the jurors, inflame the jurors, and was 
extremely prejudicial. The State counters that the photo showed the deceased's physical
condition prior to his assault. We agree. The photo had relevance and probative value for
the jury to contrast the victim's appearance before the gunshot wounds to his body and the
lacerations of his nose and lips resulting from the assault. The photo demonstrated the
victim's health and physical characteristics. Contrasting photos were admitted showing the
victim after the murder. The photo of the victim while alive furnished a basis of contrast
and comparison with other photos showing the wounds inflicted by the assault. The fact
that several witnesses identified the deceased does not necessarily reduce the probative
value of the photo. We fail to see how a normal photo of the victim potentially impressed
the jury in some irrational way. Clearly, only seconds were used to develop the evidence,
and the proponent's need for the evidence was demonstrated graphically because it aided
the depiction of the "who, what, and how" of the crime.

 In the context of the trial court's admission of a photograph, we also consider: the
number of photographs, the size of the photograph, whether it is in color or black and
white, the detail shown in the photograph, whether the photograph is gruesome, whether
the body is naked or clothed, and whether the body has been altered since the crime in
some way that might enhance the gruesomeness of the photograph to the appellant's
detriment. Shuffield, 189 S.W.3d at 787. Appellant only addresses one photo, therefore,
numerosity is not pertinent. No other live-sized photos were introduced. While the size of
the photo is large, that factor standing alone is not overly prejudicial. The photo is in color,
the details are unremarkable, the photo is not the least gruesome, the victim is clothed,
and the photo is unaltered. See id. 

 A photograph is generally admissible if verbal testimony about the matters depicted
in the photograph is also admissible. Paredes v. State, 129 S.W.3d 530, 539 (Tex. Crim.
App. 2004). The trial court did not abuse its discretion in admitting this photo because the
danger of unfair prejudice did not substantially outweigh the probative value of the
photographs. Shuffield, 189 S.W.3d at 786-87. Appellant's first issue is overruled.

 II. Daughter's Testimony

 After Ashley Cano identified State's exhibit 33, she was briefly asked about her
relationship with her father, the deceased victim. In answers to two questions, she testified
that they were close and that the deceased was developing a close relationship with her
son. Counsel for the defense asked to approach the bench and stated that he objected
to the line of questioning. The prosecutor interrupted the objection and indicated he was
setting up the relevancy of Cano's testimony. No motion to disregard the testimony was
made, no further objection made, and the witness then explained some of her father's last
actions leading up to the murder. The trial court did not rule on appellant's objection.

 As stated previously, we review a trial court's decision regarding the admissibility of
evidence under an abuse of discretion standard. Cameron 241 S.W.3d at 19. Here, it is
questionable whether defense counsel preserved error, if any. See Lane v. State, 151 S.
W. 3rd 188, 193 (Tex. Crim. App. 2004). Appellant argues that victim impact statements
are not admissible in the guilt-innocence phase of a trial, citing Love v. State, 199 S.W.3d
447, 457 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd.). We agree. Victim impact 
testimony is irrelevant at the guilt-innocence phase of a trial because it does not tend to
make more or less probable the existence of any fact of consequence with respect to guilt
or innocence. Id. Appellant also argues that good-character evidence is likewise
inadmissable, citing Fuentes v. State, 991 S.W.2d 267, 280 n.6 (Tex. Crim. App. 1999) ("It
is never competent for the State to prove the victim's good or peaceable character in the
first instance; such evidence becomes admissible only in rebuttal when the opposite has
properly admitted on behalf of the defense, or when the defendant seeks to justify the
homicide on the ground of threats made by the deceased.") (citing Hatley v. State, 533
S.W.2d 27 (Tex. Crim. App. 1976)). Again, we agree to the stated principles. 

 After the State established the relationship of the witness to her deceased father in
answer to two questions, she went on to testify that she had made arrangements to loan
her father her vehicle. The deceased had requested to borrow her vehicle, which had a 
a trailer hitch, to help pick up and move a friend's belongings. The deceased then picked
up his daughter's vehicle the next morning about 9 or 9:30 a.m., about one hour before he
was shot. 

 As noted above, relevant evidence is "evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action more
probable or less probable that it would be without the evidence." Tex. R. Evid. 401. "All
relevant evidence is admissible" except as provided by law. See Tex. R. Evid. 402. The
gist of the witness's testimony set up the circumstances immediately leading up to the
murder, and was relevant to show the probative circumstances of the crime. Arguably, the
two questions regarding the relationship between the deceased and the witness were
necessary to establish the connection between them, as well as the deceased's actions
immediately prior to his death. See Tex. R. Evid. 401.

 Even if we assume some preserved error in the admission of the relationship
testimony, the error is not of constitutional dimension. See Taylor v. State, 268 S.W.3d
571, 592 (Tex. Crim. App. 2008). The appropriate harm analysis is therefore the one set
out in rule 44.2(b) of the Texas Rules of Appellate Procedure, which dictates that a
non-constitutional error "that does not affect substantial rights must be disregarded." Id. 
The court of criminal appeals has construed this to mean that an error is reversible only
when it has a substantial and injurious effect or influence in determining the jury's verdict. 
Id. We should not overturn the conviction if we have fair assurance from an examination
of the record as a whole that the error did not influence the jury, or had but slight effect. 
Id. Here, we believe the error, if any, allowing the two brief questions about the
relationship had but slight effect. The testimony was extremely brief and was, in effect, a
short interjection by one of fourteen witnesses. We hold that the testimony had slight, if
any, effect upon the jury, and was therefore harmless. See Tex. R. App. P. 44.2(b)

 III. Conclusion

 The judgment and sentence of the trial court is affirmed.

 

 DON WITTIG,

 Justice


Do not publish. See Tex. R. App. P. 47.2(b). 


Delivered and filed the

4th day of February, 2010.


1. Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice
of the Supreme Court of Texas pursuant to the government code. Tex. Gov't Code Ann. § 74.003 (Vernon
2005).