

**NUMBER 13-08-00284-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**ROMEO FLORES,**                                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Wittig[1]
Memorandum Opinion by Justice Wittig**

Romeo Flores, appellant, was convicted by a jury of three felony counts of murder,

attempted murder, and aggravated assault, all including findings of use of a deadly

weapon. He was sentenced to life imprisonment and assessed a $10,000 fine on Count

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

1, sentenced to confinement for fifteen years in prison and assessed a $10,000 fine for Count 2, and sentenced to ten years in prison and assessed a $10,000 fine on Count 3. In two issues, appellant complains of the admission into evidence of a life-sized photo of the deceased and testimony by the deceased's daughter in the State's case-in-chief. We affirm.

## I. PHOTO EVIDENCE

Appellant first complains that the trial court erred by admitting a life-sized photograph of the deceased over his objections.

### A. Standard to Review

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that the trial court "has the best vantage from which to decide" admissibility questions). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Cameron,* 241 S. W. 3d at 19. An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.* The admissibility of a photograph is within the sound discretion of the trial judge. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). Texas Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Rule 403 allows for the exclusion of otherwise relevant evidence when its

2

probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. This rule favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Shuffield*, 189 S.W.3d at 786-87. A rule 403 analysis should include, but is not limited to, the following factors: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Id.* at 787.

### B. Analysis

Appellant's trial counsel objected to the photo, State's Exhibit 33, on the basis of rules 401, 402, and 403. *See* TEX. R. EVID. 401, 402. 403. He now argues that the life-sized photograph failed to address any fact of consequence, was void of probative value, was calculated to appeal to the emotions of the jurors, inflame the jurors, and was extremely prejudicial. The State counters that the photo showed the deceased's physical condition prior to his assault. We agree. The photo had relevance and probative value for the jury to contrast the victim's appearance before the gunshot wounds to his body and the lacerations of his nose and lips resulting from the assault. The photo demonstrated the victim's health and physical characteristics. Contrasting photos were admitted showing the victim after the murder. The photo of the victim while alive furnished a basis of contrast and comparison with other photos showing the wounds inflicted by the assault. The fact that several witnesses identified the deceased does not necessarily reduce the probative value of the photo. We fail to see how a normal photo of the victim potentially impressed

3

the jury in some irrational way. Clearly, only seconds were used to develop the evidence, and the proponent's need for the evidence was demonstrated graphically because it aided the depiction of the "who, what, and how" of the crime.

In the context of the trial court's admission of a photograph, we also consider: the number of photographs, the size of the photograph, whether it is in color or black and white, the detail shown in the photograph, whether the photograph is gruesome, whether the body is naked or clothed, and whether the body has been altered since the crime in some way that might enhance the gruesomeness of the photograph to the appellant's detriment. *Shuffield*, 189 S.W.3d at 787. Appellant only addresses one photo, therefore, numerosity is not pertinent. No other live-sized photos were introduced. While the size of the photo is large, that factor standing alone is not overly prejudicial. The photo is in color, the details are unremarkable, the photo is not the least gruesome, the victim is clothed, and the photo is unaltered. *See id.*

A photograph is generally admissible if verbal testimony about the matters depicted in the photograph is also admissible. *Paredes v. State,* 129 S.W.3d 530, 539 (Tex. Crim. App. 2004). The trial court did not abuse its discretion in admitting this photo because the danger of unfair prejudice did not substantially outweigh the probative value of the photographs. *Shuffield*, 189 S.W.3d at 786-87. Appellant's first issue is overruled.

## II. DAUGHTER'S TESTIMONY

After Ashley Cano identified State's exhibit 33, she was briefly asked about her relationship with her father, the deceased victim. In answers to two questions, she testified that they were close and that the deceased was developing a close relationship with her son. Counsel for the defense asked to approach the bench and stated that he objected

to the line of questioning. The prosecutor interrupted the objection and indicated he was setting up the relevancy of Cano's testimony. No motion to disregard the testimony was made, no further objection made, and the witness then explained some of her father's last actions leading up to the murder. The trial court did not rule on appellant's objection.

As stated previously, we review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron* 241 S.W.3d at 19. Here, it is questionable whether defense counsel preserved error, if any. *See Lane v. State*, 151 S. W. 3rd 188, 193 (Tex. Crim. App. 2004). Appellant argues that victim impact statements are not admissible in the guilt-innocence phase of a trial, citing *Love v. State*, 199 S.W.3d 447, 457 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd.). We agree. Victim impact testimony is irrelevant at the guilt-innocence phase of a trial because it does not tend to make more or less probable the existence of any fact of consequence with respect to guilt or innocence. *Id.* Appellant also argues that good-character evidence is likewise inadmissable, citing *Fuentes v. State*, 991 S.W.2d 267, 280 n.6 (Tex. Crim. App. 1999) ("It is never competent for the State to prove the victim's good or peaceable character in the first instance; such evidence becomes admissible only in rebuttal when the opposite has properly admitted on behalf of the defense, or when the defendant seeks to justify the homicide on the ground of threats made by the deceased.") (citing *Hatley v. State*, 533 S.W.2d 27 (Tex. Crim. App. 1976)). Again, we agree to the stated principles.

After the State established the relationship of the witness to her deceased father in answer to two questions, she went on to testify that she had made arrangements to loan her father her vehicle. The deceased had requested to borrow her vehicle, which had a a trailer hitch, to help pick up and move a friend's belongings. The deceased then picked

up his daughter's vehicle the next morning about 9 or 9:30 a.m., about one hour before he was shot.

As noted above, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." TEX. R. EVID. 401. "All relevant evidence is admissible" except as provided by law. *See* TEX. R. EVID. 402. The gist of the witness's testimony set up the circumstances immediately leading up to the murder, and was relevant to show the probative circumstances of the crime. Arguably, the two questions regarding the relationship between the deceased and the witness were necessary to establish the connection between them, as well as the deceased's actions immediately prior to his death. See TEX. R. EVID. 401.

Even if we assume some preserved error in the admission of the relationship testimony, the error is not of constitutional dimension. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). The appropriate harm analysis is therefore the one set out in rule 44.2(b) of the Texas Rules of Appellate Procedure, which dictates that a non-constitutional error "that does not affect substantial rights must be disregarded." *Id.* The court of criminal appeals has construed this to mean that an error is reversible only when it has a substantial and injurious effect or influence in determining the jury's verdict. *Id.* We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect. *Id.* Here, we believe the error, if any, allowing the two brief questions about the relationship had but slight effect. The testimony was extremely brief and was, in effect, a short interjection by one of fourteen witnesses. We hold that the testimony had slight, if

6

any, effect upon the jury, and was therefore harmless.  *See* TEX. R. APP. P.  44.2(b)

## III. CONCLUSION

The judgment and sentence of the trial court is affirmed.


DON WITTIG,
Justice

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of February, 2010.